STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **E.M.**

**No. 20-0778** (Kanawha County 19-JA-729)

## MEMORANDUM DECISION

Petitioner Mother R.H., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's September 1, 2020, order terminating her parental rights to E.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Bryan B. Escue, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2019, the DHHR filed an abuse and neglect petition alleging that petitioner failed to provide E.M. with the necessary food, clothing, supervision, and housing since his birth in October of 2019, and that petitioner was currently incarcerated for being a fugitive from justice. Furthermore, the DHHR alleged that petitioner's parental rights to two older children were involuntarily terminated in 2005, although the record is unclear as to what conditions of abuse and neglect were at issue in that prior matter.

The circuit court held an adjudicatory hearing in February of 2020. The DHHR presented evidence that petitioner absconded from a drug rehabilitation facility, in which she was required to stay as a term of her parole, and fled to her sister's home in December of 2019. Petitioner was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

later arrested as a fugitive from justice for drug-related crimes in Kentucky. Additionally, the DHHR requested the circuit court to take judicial notice of petitioner's two prior involuntary terminations in 2005, and the circuit court took such notice. Petitioner testified that her discharge date was March of 2022, but that she was scheduled to appear before the parole board in March of 2020. She admitted being convicted for drug related crimes but denied any drug abuse. She further stated that she felt that she did the "responsible thing" by taking her son to her sister's home before her inevitable reincarceration. Upon hearing the evidence, the circuit court adjudicated petitioner as an abusing parent.

In August of 2020, the circuit court held a dispositional hearing. Petitioner moved for a continuance, stating that she may be released in November of 2020. The DHHR objected, and the circuit court denied the motion finding that it was in the child's best interest to proceed with disposition. A Child Protective Services ("CPS") worker testified that the DHHR recommended termination of petitioner's parental rights due to her inability to correct the conditions of abuse and neglect from her prior terminations, her continued criminal conduct, and continued inability to care for the child due to repeated incarcerations. Petitioner testified that upon her release, she would stay in a halfway house or other program in West Virginia and enroll in school. She denied all drug abuse but admitted to being arrested eight times in the past twenty years, most recently in 2017, 2018, and 2019, and that several of those charges were drug-related crimes. Based on the evidence presented, the circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future and that termination was necessary for the child's welfare. The circuit court terminated petitioner's parental rights by its order entered on September 1, 2020. Petitioner appeals the dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than employing a less-restrictive dispositional alternative pursuant to West Virginia Code §

---

[2]The father's parental rights were also terminated below. The permanency plan for the child is adoption by his maternal aunt.

49-4-604(c)(5), which allows for temporarily placing a child in a legal guardianship. According to petitioner, because E.M. was placed with her sister, there was no need to terminate her parental rights and the circuit court should have implemented a guardianship of E.M. instead. Petitioner avers that guardianship of E.M. would have been in his best interests.

However, the evidence introduced during the proceedings below supports the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) permits a circuit court to terminate parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. With these parameters in mind, it is clear that the record supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, given her continued criminal conduct, her denial of drug abuse, and her minimization of the abuse and neglect she subjected the child to when she absconded from a drug rehabilitation facility when he was a newborn.

While it is true that petitioner may eventually be released from incarceration and undergo some type of drug treatment, live in a halfway house near the child, and attend school, any such possible improvement is based on pure speculation. Indeed, petitioner denied any issues of drug addiction at her previous treatment center and ultimately absconded from the program, resulting in her arrest. Additionally, the record shows that the child could not have been returned to petitioner's care as she was incarcerated and that he would be at risk if returned to her care, upon her eventual release, given her failure to correct the conditions of abuse and neglect. As such, it is clear that that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and the child's welfare required termination of petitioner's parental rights.

Given that this finding was based upon substantial evidence, petitioner's argument that the circuit court should have implemented a guardianship for the child to allow petitioner an opportunity to demonstrate that she could correct the conditions of abuse and neglect must fail. This is especially true in light of petitioner's projected discharge date of March of 2022, leaving E.M. in the aunt's care for the first three years of his life. We have previously held the following:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West

Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 1, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton